# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 99-1886

———————

Christos V. Georgiou,     *
    *
    Appellant,     *
    *    Appeal from the United States
v.     *    District Court for the
    *    Eastern District of Missouri
Kenneth S. Apfel, Commissioner of     *
Social Security,     *      [UNPUBLISHED]
    *
    Appellee.     *

———————

Submitted:    October 19, 2000

Filed:    November 14, 2000

———————

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

———————

PER CURIAM.

Christos V. Georgiou appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri, granting summary judgment to the Commissioner in Georgiou's suit for greater retirement insurance benefits. Georgiou

———————

[1] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Mary Ann L. Medler, United States Magistrate Judge for the Eastern District of Missouri.

sought credit for his earnings in Greece, while a Greek citizen, for the years 1950 through 1973; an administrative law judge (ALJ) determined, however, that Georgiou's work in Greece was noncovered employment and was not subject to a totalization agreement between Greece and the United States (U.S.), and thus awarded him benefits based on his U.S. earnings only. For reversal, Georgiou argues the ALJ erred in not awarding him benefits based on his combined Greek and U.S. credits. For the reasons discussed below, we affirm the judgment of the district court.

Pursuant to the Social Security Act ("the Act"), the U.S. and foreign countries may enter into totalization agreements which govern the entitlement to and amount of retirement benefits for a worker who has worked both here and abroad. Under the Act, totalization agreements "shall provide that in the case of an individual who has at least 6 quarters of coverage . . . and periods of coverage under the social security system of a foreign country[,] . . . periods of coverage of such individual under such social security system of such foreign country may be combined with periods of coverage" under the U.S. system and "considered for the purposes of establishing entitlement to and the amount of" retirement benefits. See 42 U.S.C. § 433(c)(1)(A). We interpret the plain language of the Act as requiring only that totalization agreements contain a provision relating to the combination of periods of coverage, and not as mandating how such a provision should be worded or how periods of coverage must be combined. See United States v. Union Elec. Co., 64 F.3d 1152, 1165 (8th Cir. 1995) (in interpreting statutory language, court first looks to plain meaning of language).

We believe the Act is ambiguous, moreover, given its use of mandatory ("shall provide") and permissive ("may be combined") language and its failure to set greater parameters on combining coverage. See Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc., 192 F.3d 778, 785 (8th Cir. 1999) (in construing inconsistently drafted statute, it is appropriate to use its legislative history to confirm most plausible construction of subsection's plain language), cert. denied, 120 S. Ct. 1671 (2000). The legislative history is instructive and shows that Congress intended benefits to be combined only when an individual would not have enough quarters of coverage under

one system to qualify for benefits. See H.R. Conf. Rep. No. 103-670 (1994), 140 Cong. Rec. H6874 ("If an individual has worked under Social Security systems in both the U.S. and a foreign country with which the U.S. has [a totalization agreement], but has not worked long enough to qualify for a benefit, a totalization agreement allows the individual's coverage under both systems to be combined, or 'totalized,' in order for one country (or both) to pay a benefit.").

We hold that the totalization agreement between the U.S. and Greece is consistent with the Act and its legislative history. The agreement contains a combination-of-periods-of-coverage provision as required by the Act, and it tracks the legislative history's language detailing when periods of coverage may be combined. Specifically, the agreement provides that, when an individual has at least 6 quarters of coverage under the U.S. system, but not enough to qualify for benefits under the U.S. system (i.e., has less than 40 quarters of coverage), Greek periods of coverage may be combined with U.S. periods of coverage. The ALJ determined--and neither party disputes--that Georgiou had at least 40 quarters of coverage under the U.S. system. See 42 U.S.C. § 413 (definition of quarter of coverage). Therefore, the totalization provision did not apply, and Georgiou's Greek and U.S. credits were properly not combined.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.